

PAR9.29.25
AAB: 9.29.25
MFA: USAO# 2025R00439

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA | CRIMINAL NO. JRR-25-309 |
|---|---|
| v. | (Sexual Exploitation of a Child, 18 U.S.C. § 2251(a); Possession of Child Pornography, 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2); Forfeiture, 18 U.S.C. § 2253, 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c)) |
| **JAMARI JAMES DAVID LEVERETT,** | |
| Defendant. | |

### INDICTMENT

### COUNTS ONE THROUGH SEVEN
(Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland charges that:

At times relevant to the Indictment:

### General Allegations

1. Defendant **JAMARI JAMES DAVID LEVERETT** ("LEVERETT") was born in 2003, and resided in Baltimore, Maryland.

2. Minor Victim 1 was born in 2009.

3. Minor Victim 2 was born in 2010.

4. Instagram was an internet-based photo and short-form video sharing social networking service.

### The Charges

5. On or before the dates listed below, each instance being a separate count, in the District of Maryland, the defendant,

**JAMARI JAMES DAVID LEVERETT,**

1

did knowingly attempt to and did employ, use, persuade, induce, entice, and coerce each minor victim listed below to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such a visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, said visual depictions were produced and transmitted using materials that were mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, and such visual depictions have actually been transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, as follows:

| Count | Date | Details |
| --- | --- | --- |
| 1 | March 6, 2025 | A 17-second video file, uploaded to Instagram, titled **10094638217217126**, depicting MV1, dancing nude with his penis exposed. |
| 2 | March 6, 2025 | A 15-second video file, uploaded to Instagram, titled **1283024466147018**, depicting MV1, dancing nude with his penis exposed. |
| 3 | March 8, 2025 | An 11-second video, uploaded to Instagram, titled **631039659663252**, depicting MV1 dancing nude with his penis exposed. |
| 4 | March 8, 2025 | A 12-second video, uploaded to Instagram, titled **1733963763857052**, depicting MV1 dancing nude with his penis exposed. |
| 5 | March 8, 2025 | A 17-second video, uploaded to Instagram, titled **625324023605945**, depicting MV1 dancing nude with his penis exposed. |
| 6 | March 12, 2025 | A one-minute video, transmitted via email to jajaclutch@gmail.com, titled **IMG_5690.mov**, depicting MV2 dancing nude with his penis exposed. |

2

| 7 | March 12, 2025 | A one-minute video, transmitted via email to jajaclutch@gmail.com, titled **IMG_5691.mov**, depicting MV2 dancing nude in front of the camera with his penis exposed. |

18 U.S.C. § 2251(a)

## COUNT EIGHT
### (Possession of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On or about June 23, 2025, in the District of Maryland, the defendant,

### JAMARI JAMES DAVID LEVERETT,

did knowingly possess any material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8), which image had been shipped and transported using any means or facility of interstate and foreign commerce and in and effecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, that is: an Apple iPhone 14 Pro Max, IMEI: 355241309842848, manufactured outside of the United States, which contained one or more visual depictions of minors engaged in sexually explicit conduct.

18 U.S.C. §§ 2252A(a)(5)(B) & 2256

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 2253, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction on the offenses charged in Counts One through Eight of this Indictment.

### Child Exploitation Forfeiture

2. Upon conviction on any of the offenses alleged in Counts One through Eight, the defendant,

### JAMARI JAMES DAVID LEVERETT

shall forfeit to the United States, pursuant to 18 U.S.C. § 2253(a):

a. any visual depiction described in Title 18, United States Code, Sections, 2251, 2251A, 2252, or 2252A, 2252B, or 2260 or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, received, or possessed in violation of Title 18, United States Code, Chapter 110;

b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and

c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property.

### Property Subject to Forfeiture

3. The property to be forfeited includes, but is not limited to, the following item seized from the defendant, on or about June 23, 2025:

a. A Samsung cellular phone;

b. A red Apple iPhone in case; and

5

    c.    An Apple iPhone 14 Pro Max, IMEI: 355241309842848;

## Substitute Assets

4.    If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and 28 U.S.C. § 2461(c).

18 U.S.C. § 2253
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

_Kelly O. Hayes /MFH_
Kelly O. Hayes
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

FOREPERSON

Date: 10/15/2025